

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 30, 1985

Honorable Lloyd Criss
Chairman
Committee on Labor and
   Employment Relations
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-411

Re: Whether a neighboring state is prohibited from withholding state income tax payments from the salary of an employee who is a permanent resident of Texas but who works partially or temporarily in the neighboring state

Dear Representative Criss:

You have submitted the following request regarding the withholding of state income tax from the pay of certain railroad employees who are Texas residents:

> Individuals living in Texas and working for railroads are often required to travel through several states in the course of their daily employment. Some of these states, notably the neighboring states of Oklahoma and New Mexico, require the railroad to withhold state income taxes from the pay of these workers, despite the fact that these individuals maintain their permanent residence in Texas.

> This practice seems to be inherently unfair. I would appreciate your offering an opinion on whether any laws of this state or of the United States prevent this practice of withholding state income tax from the pay of an employee whose permanent residence is not in that state, but who is merely working for some period of time in the state in the course of his/her employment.

We are compelled to conclude that the railroad carriers in question are required to withhold such taxes from the pay of certain workers.

49 U.S.C., section 11504, provides, in part, as follows:

(a)(1)  In this subsection, an employee is deemed to have earned more than 50 percent of pay in a State or subdivision of a State if the employee --

(A)  performs regularly assigned duties on a locomotive, car or other track-borne vehicle in at least 2 States and the mileage traveled in one State or subdivision of that State is more than 50 percent of the total mileage traveled by the employee while employed during the calendar year;

. . . .

(2)  A rail, express, or sleeping car carrier providing transportation subject to the jurisdiction of the Interstate Commerce Commission under subchapter I of chapter 105 of this title [49 USCS §§10501 et seq.] shall withhold from the pay of an employee referred to in paragraph (1) of this subsection only income tax required to be withheld by the laws of a State, or subdivision of that State --

(A)  in which the employee earns more than 50 percent of the pay received by the employee from the carrier; or

(B)  that is the residence of the employee (as shown on the employment records of the carrier), if the employee did not earn in one State or subdivision more than 50 percent of the pay received by the employee from the carrier during the preceding calendar year.

Thus, federal law explicitly establishes the standard upon which the requirements of withholding state taxes by rail carriers are based.  So long as the railroads comply with the legislative determination regarding where "an employee is deemed to have earned more than 50 percent of pay," it is apparent that the withholding by the railroad of state income taxes is authorized by the state in which an employee is deemed to have earned withholding.

## S U M M A R Y

Rail carriers are required to withhold income taxes from the pay of an employee whose residence is Texas if such employee is correctly deemed

under federal law to have earned more than 50 percent of pay in a state which imposes such taxes.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Colin Carl
Assistant Attorney General